## Case No. 5,089.

FREEMAN'S NAT. BANK v. SMITH.

[13 Blatchf. 220.] [1]

Circuit Court, S. D. New York. Dec. 21, 1875.

Thomas M. North, for plaintiff.
William R. Darling, for defendant.

JOHNSON, Circuit Judge. Upon the question of the jurisdiction of the supreme court of New York, to make the order dissolving the Pensacola Lumber Company, I agree with the learned district judge, and for the reasons which he has assigned. It is only after the notice required by the statute, that the proper judicial authority of the court to pronounce a judgment of dissolution arises. In the presentation of the petition, the statute does not merely permit, but absolutely

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

requires, an order to be entered calling upon all persons interested, to show cause against the prayer of the petition at some time and place not less than three months from the date of the order. So far, the only power, even of a discretionary character, to be exercised by the court, is the fixing of the time and place and person for the making of the proper inquiries. Upon the coming in of that report, the judicial power of the court is to be exercised. If it shall appear to the court that the corporation is insolvent, or that, for any reason, a dissolution thereof will be beneficial to the stockholders and not injurious to the public interests, a decree of dissolution is to be made. 2 Rev. St. N. Y. pp. 467, 468, §§ 58-66. The inquiry concerns not only the parties who are interested in the corporation, but also the public at large. For this reason, especially, is it necessary that a complete compliance should be exacted, with all the preliminary conditions upon which the power of the court to pronounce a dissolution is by the statute made to depend. The provisions in respect to notice stand in the place of the ordinary process or other proceeding for the commencement of a suit, and, until they are complied with, the authority of the court to act judicially on the subject-matter of the petition does not arise. In this case, it appears affirmatively, that, almost immediately upon the presentation of the petition, an order of dissolution was pronounced, instead of an order to show cause, as required by the statute. For this order there was no authority by law, and it was, in my judgment, invalid for all purposes.

Assuming this conclusion to be well founded, the next question is as to the validity of the adjudication in bankruptcy. The adjudication is assailed upon the alleged ground that the petition was presented without proper authority. The statute (Rev. St. § 5122) requires a petition of an officer of a corporation, duly authorized by a vote of a majority of the corporators at any legal meeting called for the purpose. In this case, the corporation was such as the act includes, and the petition was made by an officer of the corporation, and was made in pursuance of a resolution adopted at a meeting of which all the living corporators had notice, and which was called for the purpose expressed in the notices, of acting on the subject of the bankruptcy, and which was attended, in person or by proxy, by all the living corporators, save the owner of one share, out of the 760 shares into which the capital stock was divided. The resolution, moreover, received the assent of all the corporators present and represented at the meeting. The owner of 190 shares of the stock, one J. D. Gardiner, had died on the 14th of February, twelve days before the meeting. He left no will, and administration had not been granted on his estate when the adjudication in bankruptcy took place. So far, therefore, as that part of the stock was concerned, there was no corporator, for, no one but the legally constituted representative of the deceased could make title to the shares, and no such representative then existed. It must, therefore, either be declared to be the law, that the death of a stockholder in a corporation suspends its power to take the necessary steps to go into bankruptcy, or that the language of the statute is satisfied when the word "corporator," as therein used, is taken in its primary and obvious sense, and as meaning the persons who are legally entitled to that character. It is, of course, plain, that neither Mrs. Gardiner, the widow, nor Mr. Gardiner, the son, of the deceased corporator, his next of kin, became corporators or stockholders upon his death; and, therefore, no action or assent on their part is of any weight in determining the question presented to the court, although neither of them, nor the absent stockholder, Knight, has raised any objection to the proceeding. It seems to me, that the sensible and just construction of the statute is the primary and obvious one, that only existing corporators are within the contemplation of the statute. Otherwise, this very important power of a corporation is made dependent upon the accident of the life or death of the owner of a single share of stock.

It is claimed, that the twenty-first section of the New York act authorizing the formation of manufacturing corporations (Act Feb. 17, 1848; Laws 1848, c. 40, § 21, p. 59), prescribes the mode of calling stockholders' meetings, and that its provisions were not complied with in respect to the meeting in question. But, the answer to this is, that the stockholders' meetings referred to in the section cited, are those held for one of the purposes specified in the section, which has no relation to stockholders' meetings in general. The named purposes are, to increase or diminish the amount of capital stock, to extend or change its business, or to avail itself of the privileges or provisions of the act. Neither of these purposes includes or is equivalent to the object or purpose of the meeting in question, and, of course, the provisions of the section have no application in the present case.

The grounds above stated cover substantially the argument on which the motion for an injunction was urged. I should have gone over them more at length, but that the interests of the parties on both sides require, and they have requested, a speedy decision. I have, therefore, considered the matter upon its merits, and have not inquired whether the bill is to be deemed to be founded upon the supervisory power of this court over proceedings in bankruptcy, under section 4986 of the Revised Statutes, or whether it is sustainable on the ordinary grounds of equitable jurisdiction, upon the facts alleged in this case. The injunction asked for must be denied, and the temporary injunction must be dissolved.